**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CYNTHIA SAUNDERS, et al.,

                                Plaintiffs,

              vs.

CITY OF NEW YORK and THE DEPARTMENT
OF EDUCATION OF THE CITY OF NEW YORK
NEW,

                             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ. 830 (SAS)(KNF)

**ANSWER TO THE COMPLAINT**

Defendants City of New York ("New York City") and the Department of Education of the City of New York ("DOE") (collectively, "defendants"), by and through their attorney, **Michael A. Cardozo**, Corporation Counsel of the City of New York, for their answer to the complaint respectfully allege as follows:

<u>**PARTIES**</u>

1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs were employed by defendants as either Parent Coordinators or Parent Support Officers in the DOE.

2.      To the extent a response is required, defendants deny the allegations in paragraph "2" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

3.      Paragraph "3" of the complaint does not set forth a factual allegation, thus, no response is required.  To the extent a response is required, defendants deny the allegations set

forth in paragraph "3" of the complaint, including the assertion that plaintiffs are part of an alleged "class."

4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to proceed as set forth in this paragraph.

5.    Deny the allegations set forth in paragraph "5" of the complaint.

6.    Deny the allegations set forth in paragraph "6" of the complaint

7.    Deny the allegations set forth in paragraph "7" of the complaint

8.    Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to proceed and invoke the jurisdiction of the Court as set forth in this paragraph.

9.    Paragraph "9" of the complaint sets forth a legal conclusion only, and therefore no response is required.  To the extent a response is required, defendants refer the Court to the statutes cited therein for a complete and accurate statement of its content.

10.    Admit the allegations set forth in paragraph "10" of the complaint.

11.    Deny the allegations set forth in paragraph "11" of the complaint, including the assertion that plaintiffs are part of an alleged "class," except admit that plaintiffs are/were employed by defendants as either Parent Coordinators or Parent Support Officers in the DOE.

12.    Defendants deny the allegations set forth in paragraph "12" of the complaint, except admit the allegation with respect to plaintiffs' written consents.

13.    Admit the allegations set forth in paragraph "13" of the complaint.

14.    Admit the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint, except admit that the DOE's principal office is located at Tweed Courthouse, 52 Chambers Street, New York,

New York 10007 and further admit that the Office of the Corporation Counsel's principal office

is located at 100 Church Street, New York, New York 10007, and respectfully refer the Court to

the statutes cited therein for a complete and accurate statement of their content.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit

that in July 2003 the DOE began employing individuals in the in-house titles of Parent

Coordinator and Parent Support Officer, and admit that Parent Coordinators are full-time school-

based employees whose primary responsibilities are to create a welcoming environment in the

school, address and resolve parent concerns and work with school administration and staff to

increase parent involvement in children's education, and further admit that Parent Support

Officers are full-time employees who work in one of the 34 district offices or one of the 10

Regional Offices of Parent Support at Learning Support Centers ("LSC") within the five

boroughs of New York City and whose primary responsibilities include addressing and resolving

parent inquiries, working closely with Regional Directors of Parent Support and other DOE

employees to support parent education, outreach and engagement efforts at the district, regional

and/or school level and supporting school-based Parent Coordinators through coaching and

mentoring.

17.    Deny the allegations set forth in paragraph "17" of the complaint, except admit

that plaintiffs began their employment with the DOE in the title of either Parent Coordinator or

Parent Support Officer in or after July 2003.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that defendants failed to pay all plaintiffs at all or paid them in compensatory time at their straight rate when plaintiffs worked in excess of 40 hours in a work week.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint, and affirmatively state that in August 2006, plaintiff Cynthia Saunders, through her counsel, submitted a letter to the DOE stating that since her appointment as a Parent Coordinator, she had not received cash payment at the rate of time and one-half for 218.5 hours the she alleged to have worked in excess of 40 hours in a week.

25.    Deny the allegations set forth in paragraph "25" of the complaint, except admit that in November 2006, the DOE offered to pay plaintiff Saunders for the 218.5 hours of overtime that she alleged to have had worked at the rate of time and one-half as long as she would enter into a Court approved stipulation of settlement settling any and all of her potential FLSA claims.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Paragraph "27" of the complaint sets forth a legal conclusion only, and therefore no response is required.  To the extent a response is required, defendants deny the allegations set forth in paragraph "27" of the complaint, and respectfully refer the Court to the sections of the statute cited therein for a complete and accurate statement of their contents.

28.     Deny the allegations set forth in paragraph "28" of the complaint, and respectfully refer the Court to the Fair Labor Standards Act, 19 U.S.C. § 201 et seq. ("FLSA") and the relevant case law, including Scott, et al., v. City of New York, 2004 U.S. Dist Lexis 11543 (S.D.N.Y. 2004), for an accurate statement of the obligations placed on public sector employers by the FLSA.

29.     Deny the allegations set forth in paragraph "29" of the complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its content.

30.     Deny the allegations set forth in paragraph "30" of the complaint, and respectfully refer the Court to 29 U.S.C. § 216 (b) for a complete and accurate statement of its content.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     In response to the allegations set forth in paragraph "32" of the complaint, defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     In response to the allegations set forth in paragraph "34" of the complaint, defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "33" of this answer as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth in paragraph "36" of the complaint, defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "35" of this answer as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Paragraph "40" does not contain a factual allegation, thus no response is necessary.

41.     Defendants deny each and every allegation in the complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons whom they purport to represent.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable limitations periods.

### THIRD DEFENSE

This case may not be maintained as a collective action because the named plaintiffs are not similarly-situated to or otherwise adequate representatives for the persons whom they purport to represent.

### FOURTH DEFENSE

To the extent that the named plaintiffs purport to bring a representative action, they are barred on constitutional grounds from doing so unless they demonstrate that a liability finding as to one plaintiff (or sub-group of plaintiffs) necessarily determines liability as to others.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust contractual remedies.

## SIXTH DEFENSE

Defendants have not violated the FLSA as to the DOE's compensatory time practices because the compensatory time used or sought to be used was for non-FLSA overtime or, in the alternative, the requests cannot be separated as to whether they are intended to invoke FLSA or non-FLSA overtime.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by operation of the Portal-to-Portal Act.

## NINETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## TENTH DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that the DOE's pay practices complied with the FLSA.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to add Local 372, District Council 37, AFSCME, plaintiff's union, as a necessary party to this action to ensure uniformity of contract interpretation and implementation.

## **TWELFTH DEFENSE**

Subject to proof through discovery, plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## **THIRTEENTH DEFENSE**

Plaintiffs are barred from recovery of some or all of the damages sought because they are not authorized by the FLSA, the Constitution of the State of New York and/or the United States Constitution.

**WHEREFORE**, defendants pray that the Court enter a judgment:

1.      dismissing the complaint with prejudice;

2.      granting to defendants their costs, including attorneys' fees, incurred in this

action; and

3.      granting to defendants such other and further relief as the Court may deem just
and proper.

Dated: New York, New York
April 16, 2007

**MICHAEL A. CARDOZO**
  Corporation Counsel of the City of New York
Attorneys for Defendants

By _____
    Michele Molfetta (MM-9947)
New York City Law Department
100 Church Street, Room 2-146
New York, New York 10007
(212) 788-0922

## CERTIFICATE OF SERVICE

I, **Michele A. Molfetta**, hereby certify that, on April 16, 2007, I caused a true and correct copy of the foregoing Answer to the Complaint to be served upon plaintiffs' attorney Leonard D. Polletta by ECF, and by overnight express mail, next business day delivery, addressed to plaintiffs' counsel "Leonard D. Polletta, Eddie M. Demmings, General Counsel, District Council 37, AFSCME, AFL-CIO, 125 Barclay Street, Room 510, New York, NY 10007," that being the address that plaintiffs designated for receipt of such material.

Dated:   New York, New York
         April 16, 2007


MICHELE A. MOLFETTA (MM 9947)

07 Civ. 830 (SAS)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA SAUNDERS, et al.,

Plaintiffs,

vs.

CITY OF NEW YORK and THE DEPARTMENT OF
EDUCATION OF THE CITY OF NEW YORK
NEW,

Defendants.

## ANSWER TO COMPLAINT

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-146
New York, New York  10007-2601

Of Counsel:    Michele A. Molfetta
Tel No.:       (212) 788-0922

NYCLIS No.:2007-005255

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y.   ........................................., 2007

Signed: ............................................................................

Print Name: ...................................................................

Attorney for ...................................................................