UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

CYNTHIA SAUNDERS, *et al.*,

          Plaintiffs,

- against -

THE CITY OF NEW YORK and THE
DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,

          Defendants.

------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**07 Civ. 830 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiffs, approximately 194 current and former municipal employees, filed this collective action against defendants, the City of New York ("City") and the New York City Department of Education ("DoE"), pursuant to the Fair Labor Standards Act ("FLSA").[1] Plaintiffs assert that defendants systematically violated their overtime rights under the FLSA and brought three distinct claims relating to compensation both in cash and in compensatory time off. On December 15, 2008, this Court ruled on the parties' cross-motions for

---

[1]    29 U.S.C. §§ 201-219.

summary judgment.[2]  Defendants now move for reconsideration of a single aspect

of that decision: whether defendants were permitted to compensate plaintiffs for

statutory overtime using compensatory time off.  For the reasons described below,

defendants' motion for reconsideration is denied.

## II.    BACKGROUND

Plaintiffs are Parent Coordinators ("PC") and Parent Support Officers

("PSO") employed by DoE.[3]  The terms and conditions of plaintiffs' employment

are established in the 2003 collective bargaining agreement ("CBA") between the

DoE and Local 372, District Council 37, American Federation of State, County

and Municipal Employees, AFL-CIO ("AFSCME").[4]  The CBA is silent

concerning overtime compensation, specifically whether PCs and PSOs working

overtime may be compensated with compensatory time off rather than cash.[5]

However, defendants' human resources guide expressly states, "Time above forty

---

[2]      *See Saunders v. City of New York*, No. 07 Civ. 830, 2008 WL
5233037 (S.D.N.Y. Dec. 15, 2008).

[3]      *See* Defendants' Statement of Undisputed Facts Pursuant to Local
Civil Rule 56.1 ("Def. 56.1") ¶ 1.

[4]      *See id.* ¶¶ 22-23.

[5]      *See id.* ¶ 24.

hours is credited as time and one-half and must be compensated for in cash through the payroll system."[6]

Despite its written policy specifying that overtime above forty hours would be paid in cash, at some point DoE changed its practice and began compensating plaintiffs for statutory overtime – time worked over forty hours per week – using compensatory time off.  AFSCME never filed a grievance concerning this change, although it had the ability to do so pursuant to both CBA and New York Public Employment Relations Board grievance procedures.[7]

## III.   APPLICABLE LAW

### A.    Motion for Reconsideration

A motion for reconsideration is governed by Local Rule 6.3 and is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[8]  "A motion for

---

[6]      Parent Coordinator Human Resources Guide at 3, Ex. A to 8/18/08 Declaration of Diana Goell Voight in Support of Defendants' Motion for Partial Summary Judgment ("Voight Decl."). *Accord* Rules and Regulations Governing Non-Pedagogical Administrative Employees § 7.3, Ex. A. to Voight Decl. (same).

[7]      *See* Def. 56.1 ¶ 70.

[8]      *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

reconsideration may also be granted to 'correct a clear error or prevent manifest injustice.'"[9]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[10] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[11] Courts have repeatedly been forced to warn counsel that such motions should not be made

---

[9]  *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570, 2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[10]  *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[11]  *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[12]

## B. Compensatory Time Off as Overtime Compensation

Compensatory time may only be provided to unionized employees in place of cash overtime pursuant to "applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees."[13] "As a condition for use of compensatory time in lieu of overtime payment in cash, [the FLSA] requires an agreement or understanding reached prior to the performance of work."[14]

## IV. DISCUSSION

It is true – as defendants assert – that a public employer may establish an arrangement for compensation using compensatory time off via any agreement between the employer and bargaining representatives. However, a failure by employees to protest immediately unlawful work conditions cannot constitute an

---

[12]     *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[13]     29 U.S.C. § 207(o)(2)(A)(I).

[14]     29 C.F.R. § 553.23(a)(1).

agreement accepting those conditions.  Employees are often unaware of the

nuances of the law, and they may take months or years to realize that an employer

is violating their contractual or statutory rights.  As this lawsuit makes clear,

plaintiffs have not acquiesced to the use of compensatory time to fulfill statutory

overtime obligations.  Thus no new agreement was formed between AFSCME and

defendants after defendants began compensating plaintiffs for statutory overtime

using compensatory time.

Moreover, plaintiffs' CBA cannot be interpreted to contain an

allowance for the use of compensatory time to compensate for statutory overtime.

AFSCME and defendants signed the CBA that governs plaintiffs' employment in

2003.  Defendants concede that AFSCME became aware of the use of

compensatory time for statutory overtime in 2004, at the earliest.[15]  Although

ambiguous provisions in collective bargaining agreements may be interpreted

using past practice as a guide,[16] the agreement cannot be retroactively defined as a

result of *future* conduct by one of the contracting parties, even if the counterparty

initially acquiesces.  Moreover, the absence of a provision allowing the use of

---

[15]    *See* Defendants' Memorandum of Law in Support of Their Motion for Reconsideration at 9.

[16]    *See In re Chateaugay Corp.*, 891 F.2d 1034, 1038 (2d Cir. 1989).

compensatory time for statutory overtime does not constitute an ambiguity; the total absence of a provision allowing defendant to provide compensation in any form other than cash is quite clear.  In the absence of an agreement between AFSCME and defendants permitting the use of compensatory time, defendants have violated plaintiffs' rights under the FLSA.

## V.    CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is denied.  The Clerk of the Court is directed to close this motion (Docket No. 258).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            January 12, 2009

## - Appearances -

### For Plaintiffs:

Ivan D. Smith, Esq.
Maureen M. Stampp, Esq.
Sabrina Tann, Esq.
Lewis Brisbois Bisgaard & Smith LLP
199 Water Street, Suite 2500
New York, New York 11038
(212) 232-1300

### For Defendants:

Diana Goell Voight
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-0894